IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH DOMINGO, | CIV. NO. 06-00301 HG-KSC |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES PROPOTNICK, Acting Director, Department of Public Safety, State of Hawaii, | |
| and | |
| CLAYTON FRANK, Warden, Halawa Correctional Facility, | |
| Respondents. | |

FINDINGS AND RECOMMENDATION TO GRANT
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Joseph Domingo's ("Domingo") petition for writ of habeas corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 ("Section 2254"). Domingo challenges the extended-term sentence imposed upon him, claiming that it violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

On June 22, 2006, this Court issued an Order to

Show Cause directing Respondents James Propotnick and Clayton Frank ("Respondents") to file an answer to the Petition.  On August 30, 2006, Respondents filed their Answer to Petition for Writ of Habeas Corpus ("Answer").  On September 27, 2006, Domingo filed Petitioner's Reply to Respondents' Answer ("Reply").

The Petition was referred to this Court pursuant to Local Rule 72.5 of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules").  Upon careful consideration of the Petition, the Answer, and the Reply, this Court FINDS and RECOMMENDS that the Petition be GRANTED.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

Domingo, a state prisoner, has filed the instant petition for habeas corpus pursuant to Section 2254. Domingo challenges the extended sentence imposed upon him at his sentencing by a state judge pursuant to Hawaii state law in effect at the time he was sentenced. Domingo claims the extended-term sentence imposed upon him violates <u>Apprendi</u>, 530 U.S. 466.

On September 24, 2003, Domingo was convicted following a jury trial of one count of sexual assault in

the first degree, in violation of Hawaii Revised Statutes
("HRS") § 707-730(1)(b) (1993 Repl.), and four counts of
sexual assault in the third degree, in violation of HRS
§ 707-732(1)(b) (1993 Repl.).  Thereafter, Domingo filed
a motion for judgment of acquittal with respect to Count
I, sexual assault in the first degree.  On November 4,
2003, the Circuit Court of the First Circuit for the
State of Hawaii ("circuit court") granted the motion in
part by vacating the conviction in Count I for the
offense of sexual assault in the first degree and entered
judgment in Count I as guilty on the included offense of
sexual assault in the third degree.  Thus, Domingo was
convicted of five counts of sexual assault in the third
degree.

On January 23, 2004, the State filed a Motion for
Extended Term of Imprisonment as a "multiple offender"
pursuant to the then-existing versions of HRS §§ 706-661
and 706-662(4)[1].  On February 17, 2004, the State's Motion

---

[1] On June 22. 2006, the Hawaii Legislature approved
Act 230 (H.B. 3256) which amended HRS § 706-662 by
eliminating the "necessary for protection of the
public" language, among other things.  However, this

for Extended Term of Imprisonment came on for hearing before the Honorable Sandra A. Simms.  On May 24, 2004, the circuit court issued a Findings of Fact, Conclusions of Law and Order Granting State's Motion for Extended Term of Imprisonment.  The circuit court found, among other things, that Domingo was a multiple offender and that an extended term of imprisonment of ten (10) years on Counts 1-5, to be served concurrently, was necessary for the protection of the public.  Specifically, the circuit court found: (1) the sexual assaults were committed against a minor child; (2) the sexual assaults occurred on numerous occasions over a long period of time; (3) the victim had experienced significant trauma a result of the sexual assaults; and (4) an extended term of imprisonment if ten (10) years in Counts 1-5 is necessary for the protection of the public. See Findings of Fact, Conclusions of Law, and Order Granting State's Motion for Extended Term of Imprisonment at ¶¶ 6-9.

------------------------

amendment does not affect the Court's analysis in this case because Domingo is challenging his sentence under the version of HRS § 706-662 in effect at the time of his sentencing.

4

Domingo appealed directly to the Hawaii Supreme
Court, claiming, in pertinent part, that his extended
sentence violated his rights under the United States and
Hawaii Constitutions.  On June 14, 2005, the Hawaii
Supreme Court filed its decision denying Domingo's direct
appeal.  On July 6, 2005, the Hawaii Supreme Court filed
a Notice of Judgment on Appeal.  On May 31, 2006, Domingo
filed his Petition challenging his sentence.

## DISCUSSION

Domingo requests relief from his concurrent
ten-year extended terms sentence pursuant to the
Antiterrorism and Effective Death Penalty Act
("AEDPA"), 28 U.S.C. § 2254.  Under the AEDPA, a person
in state custody must first exhaust his state remedies
before filing a habeas corpus petition in federal
court. See 28 U.S.C. § 2254(b)(1)(A).  Here, Domingo
raised his Apprendi claim on direct appeal to the
Hawaii Supreme Court.  Therefore, the Court finds that
Domingo has exhausted his state remedies.  In addition,
the AEDPA requires that a person in custody file an
application for a writ of habeas corpus within one year

after the judgment under attack becomes "final by the
conclusion of direct review or the expiration of the
time for seeking review." 28 U.S.C. § 2244(d)(A).  In
Domingo's case, judgment became final on July 6, 2005
and Domingo filed his Petition on May 31, 2006.
Therefore, Domingo's Petition is timely.  Having found
that Domingo has exhausted his state remedies and filed
his Petition within the one-year statute of limitations
period, the Court will address the merits of Domingo's
Petition.

> Section 2254(d) provides:
>
> An application for a writ of habeas
> corpus on behalf of a person in
> custody pursuant to the judgment of a
> State Court shall not be granted with
> respect to any claim that was
> adjudicated on the merits in State
> Court proceedings unless the
> adjudication of the claim-
> (1) resulted in a decision that was
> contrary to, or involved an
> unreasonable application of, clearly
> established Federal Law, as determined
> by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was
> based on an unreasonable determination
> of the facts in light of the evidence
> presented in the State court
> proceeding.

28 U.S.C. § 2254(d).  For purposes of Section 2254(d)(1), "clearly established federal law" is the governing law set forth by the Supreme Court at the time the state court renders its decision. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003).  A state court decision is "contrary to" clearly established federal law "if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir.) <u>cert. denied</u>, 540 U.S. 968 (2003).

Under the "unreasonable application" clause, a court may grant habeas relief when "the state court identifies the correct governing legal rule from a [Supreme Court] case, but unreasonably applies it to the facts of the particular case," or when "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where

7

it should apply." <u>Williams v. Taylor</u>, 529 U.S. 362, 407
(2000).  In addition, the "unreasonable application"
clause requires the state court decision to be
"objectively unreasonable" rather than merely
"incorrect or erroneous."  <u>Lockyer</u>, 538 U.S. at 75.

        In his Petition, Domingo argues that by
imposing an extended sentence upon him, the circuit
court violated his right to trial by jury under the
Sixth Amendment as enunciated by <u>Apprendi</u>, 530 U.S. 466
and <u>Kaua v. Frank</u>, 436 F.3d 1057 (9th Cir.
2006)(holding that HRS § 706-662, Hawaii's extended
sentencing statute, violates <u>Apprendi</u>).  Domingo argues
that the circumstances in his case are identical to the
factual circumstances presented in the <u>Kaua</u> case.  Both
Kaua and Domingo were convicted following a jury trial.
At sentencing, the State moved for extended terms of
imprisonment pursuant to the then-existing versions of
HRS §§ 706-661 and 706-662 in both cases.  Finally, the
sentencing judge in both cases made a protection of the
public finding in determining that an extended-term
sentence was warranted.  Therefore, Domingo argues, as

in <u>Kaua</u>, this Court should similarly find that Domingo's extended-term sentence is contrary to clearly established federal law, namely, <u>Apprendi</u>.

In Respondents' Answer, Respondents argue that the facts that subjected Domingo to extended terms of imprisonment as a multiple offender were his multiple felony convictions-and such facts are expressly exempt under <u>Apprendi</u>.  Respondents rely on the Hawaii Supreme Court's holding in <u>State v. Rivera</u>, 102 P.3d 1044, 1061 (Haw. 2004) and argue that Domingo was properly sentenced pursuant to Hawaii's multiple offender statute in effect at the time of his sentencing.  In <u>Rivera</u>, the Hawaii Supreme Court held that <u>Apprendi</u> does not bar "prior convictions" as a basis for which a sentencing court may exercise its discretion and impose an extended term of incarceration.  <u>Rivera</u>, 102 P.3d at 1061.  In addition, in accordance with the Hawaii Supreme Court's decisions in <u>Rivera</u> and <u>State v. White</u>, 129 P.3d 1107, 1117 (Haw. 2006)[2], Respondents argue that

---

[2] Following the Ninth Circuit's affirmation of the Hawaii District Court decision <u>Kaua v. Frank</u>, 350 F.

the sole determining factor that exposes a criminal
defendant to extended terms of imprisonment as a
persistent and multiple offender are his multiple
convictions.  Therefore, Respondents assert that the
Hawaii Supreme Court's interpretation of HRS § 706-662
is not contrary to clearly established federal law and
the Court should defer to the Hawaii Supreme Court's
interpretation of its own state statute.

        The issue before the Court is whether the
Hawaii Supreme Court's decision to affirm Domingo's
extended-term sentence is contrary to clearly
established federal law.  The Court may not justify the
state appellate court's ruling on the basis of
alternative grounds that the court did not articulate.
Van Lynn v. Farmon, 347 F.3d 735, 737 (9th Cir. 2003).
In this case, the Hawaii Supreme Court's Summary
Disposition states in pertinent part: "Domingo's

_____

Supp. 2d 848 (2004), the Hawaii Supreme Court has
nonetheless maintained its position that Hawaii's
multiple offender statute is constitutional. See State
v. White, 129 P.3d 1107, 1109 (2006)(declining to
follow the Ninth Circuit's holding based on it being
only "persuasive authority" and not binding).

arguments against his extended terms of imprisonment
have been foreclosed by this court's decision in <u>State
v. Rivera</u>, 102 P.3d 1044 (2004), which held that
Hawaii's extended term sentencing scheme is not
incompatible with the United States Supreme Court's
decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531
(2004)."  Accordingly, the Court will look to the
reasoning articulated by the Hawaii Supreme Court in
<u>Rivera</u> in analyzing whether the Hawaii Supreme Court's
decision to affirm Domingo's extended sentence was
contrary to clearly established federal law.

In <u>Rivera</u>, 102 P.3d 1044, the Hawaii Supreme
Court examined the issue of whether Hawaii's procedure
for imposing an extended-term sentence, set forth in
HRS § 706-662, passes constitutional muster under
<u>Apprendi</u>.[3]  The Hawaii Supreme Court applied an

---

[3] The then-existing version of HRS § 706-662
provided in pertinent part:

Criteria for extended term of imprisonment.  A
convicted defendant may be subject to an extended term
of imprisonment under section 706-661, if the convicted
defendant satisfies one or more of the following
criteria:

"intrinsic-extrinsic" dichotomy in determining whether

a judge or jury decides whether an extended-term

sentence is warranted. See id.  The Hawaii Supreme

Court reasoned that "extrinsic" facts, such as those

involved in finding that a defendant's extended-term

incarceration is necessary for the protection of the

public, are outside the Apprendi rule and may be found

by a judge without violating the Sixth Amendment right

to trial by jury.  Kaua, 72 P.3d at 484-85.

      In Apprendi, the Supreme Court held that,

------------------------

      ...

      (4) The defendant is a multiple offender whose
      criminal actions were so extensive that a sentence
      of imprisonment for an extended term is necessary
      for the protection of the public. The court shall
      not make this finding unless:

            (a) The defendant is being sentenced for tow or
            more felonies or is already under sentence of
            imprisonment for felony; or

            (b) The maximum terms of imprisonment
            authorized for each of the defendant's crimes,
            if made to run consecutively, would equal or
            exceed forty years if the extend term imposed
            is for a class A felony.

HRS § 706-662(4).

                              12

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490.   The Supreme Court stated that "the relevant inquiry is not one of form but of effect-does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." <u>Id.</u> at 481.   The holding in <u>Apprendi</u> is limited to cases in which the statutory range of punishment has been exceeded. <u>See</u> <u>id.</u>   In <u>Blakely v. Washington</u>, 542 U.S. 296, 303 (2004), the Supreme Court majority explained that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (citations omitted).

The Ninth Circuit has recently held that HRS § 706-662, Hawaii's extended sentencing statute, violates <u>Apprendi</u> because it allows a judge to make the factual finding that a convicted person's incarceration

13

is necessary for the protection of the public, thereby allowing for an increased sentence beyond the range justified by the jury's determination of guilt. See Kaua v. Frank, 436 F.3d 1057 (9th Cir. 2006). According to the Ninth Circuit, such a determination by a judge is contrary to clearly established federal law as determined by the Supreme Court. Id. at 1062. Thus, the Ninth Circuit has rejected the reasoning set forth by the Hawaii Supreme Court in Rivera, 102 P.3d 1044.

The Court agrees with Domingo that the facts of Kaua are indistinguishable from his case. In Kaua, Kaua had received an extended sentenced pursuant to the then-existing version of HRS § 706-662(4). In determining Kaua's sentence, the sentencing judge conducted a two-step process. See Kaua, 436 F.3d at 1059. First, the court found that Kaua was considered a "multiple offender" pursuant to HRS § 706-662(a). Id. Second, the court determined that the imposition of an extended sentence was necessary for the protection of the public. Id.

14

In determining Kaua's sentence, the sentencing judge found a number of specific facts which led to her determination that an extended sentence was necessary for the protection of the public.  Those facts included, "Kaua's history of substance abuse; his abuse of drugs shortly before the hostage standoff; his history of assaultive behavior; his inability to control his behavior while under the influence or while under stress; his access to firearms; his lack of experience using the weapon with which he perpetrated the standoff; and the strong possibility that he could have injured minors and innocent bystanders because of his inexperience." Kaua, 436 F.3d at 1059.  After making these findings, the sentencing judge imposed an extended sentence.

In the instant case, Domingo was sentenced pursuant to the then-existing version of HRS § 706-662(4)(the same version of the statute that Kaua was sentenced under).  The circuit court followed the same two-step process in sentencing Domingo as it did in Kaua's case.  With respect to step two, in making the

determination that an extended sentence was necessary for the protection of the public, the sentencing judge made the following findings:  (1) the sexual assaults were committed against a minor child; (2) the sexual assaults occurred on numerous occasions over a long period of time; (3) the victim had experienced significant trauma a result of the sexual assaults; and (4) an extended term of imprisonment if ten (10) years in Counts 1-5 is necessary for the protection of the public.

The Ninth Circuit's decision in <u>Kaua</u>, 436 F.3d 1057 is directly on point and provides the controlling rule of law in this case.  The sentencing judge in Domingo's case improperly made a protection of the public finding without the facts underlying her finding being found by a jury.  Consequently, the Court finds that Domingo's extended-term sentence violates clearly established federal law as articulated in <u>Apprendi</u>. <u>See Kamana'o v. Peyton</u>, No. 05-681,slip. op. at 12-18,(D. Hawaii June 21, 2006).

<u>CONCLUSION</u>

16

The Court FINDS and RECOMMENDS that Domingo's Petition be GRANTED, Domingo's sentence be vacated, and that the case be remanded to the circuit court for resentencing in accordance with this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawai'i, December 20, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

Joseph Domingo v. James Propotnick, et al., Civ. No. 06-00301 HG-KSC; Findings and Recommendation to Grant Petition for Writ of Habeas Corpus