IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH DOMINGO, ) | CIVIL NO. 06-00301 HG-KSC |
| Petitioner, ) | |
| vs. ) | |
| JAMES PROPOTNICK, Acting ) Director, Department of ) Public Safety, State of ) Hawaii, and ) CLAYTON FRANK, Warden, Halawa ) Correctional Facility, ) | |
| Respondents. ) | |

**ORDER ADOPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION
BE GRANTED
AND
GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION**

Before this Court is Petitioner Joseph Domingo's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that he is entitled to habeas relief because, under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, the imposition of Petitioner's extended sentence pursuant to the then-existing versions of Haw. Rev. Stat. § 706-661 and § 706-662(4), violated his Sixth Amendment right to trial by jury and his Fourteenth Amendment right to due process under the United States

1

Constitution.

The Court referred the matter to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72.5.  After briefing by the parties, on December 20, 2006, the magistrate judge issued a "Findings and Recommendation to Grant Petition for Writ of Habeas Corpus".

On January 19, 2007, Respondents James Propotnick, Acting Director, Department of Public Safety, State of Hawaii, and Clayton Frank, Warden, Halawa Correctional Facility ("Respondents") filed a "Response and Objections to Magistrate Judge's Findings and Recommendation to Grant Petition for Writ of Habeas Corpus."

The magistrate judge's "Findings and Recommendation to Grant Petition for Writ of Habeas Corpus", dated December 20, 2006, (hereinafter, "F & R") is a careful and well-reasoned analysis of the issues raised in the Petition.  After review of all filings, the F & R, and Respondents' objections thereto, this Court adopts and supplements the F & R.  The Court GRANTS Petitioner habeas relief pursuant to Section 2254.

## BACKGROUND AND PROCEDURAL HISTORY

The magistrate judge's F & R details the relevant background and procedural history which the Court incorporates by reference and adopts.

**STANDARD OF REVIEW**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

**LEGAL STANDARD**

**I. Section 2254**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court conviction is not

entitled to federal habeas corpus relief unless he can show that the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A.   *"Contrary To" Clearly Established Federal Law*

The United States Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta of the Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision is "contrary to" clearly established law pursuant to 28 U.S.C. § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [that] precedent." Id. at 405-06.

### B.   *"Unreasonable Application" of Clearly Established Federal Law*

A state court's decision is an "unreasonable application" of clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1) if "the state court identifies the correct governing

legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To be an "unreasonable application" pursuant to 28 U.S.C. § 2254(d)(1), the state court decision must be more than just incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's application of federal law must be "objectively unreasonable." Id.; see Williams, 529 U.S. at 409.

## ANALYSIS

In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. This case is one of many Apprendi challenges to Hawaii's extended-term sentencing scheme, Haw. Rev. Stat. § 706-661, 706-662, and 706-664 (Supp. 2001), in effect prior to 2006. That scheme required a two step process: (1) first, involving a finding by the court that the defendant is within the class of offenders to which the particular subsection applies, and (2) second, requiring the court to find that the imposition of an extended sentence is necessary for the protection of the public. See Kaua v. Frank, 436 F.3d 1057, 1060-61 (9th Cir. 2006) ("Kaua III"). In Kaua III, the Ninth Circuit Court of Appeals held that Hawaii's pre-2006 extended-term sentencing scheme violated Apprendi because it

5

allowed the sentencing judge to extend the defendant's sentence based upon findings of facts other than facts of prior conviction.

Recently, in Cunningham v. California, 127 S.Ct. 856 (2007), the United States Supreme Court held that a similar sentencing scheme in California was unconstitutional under Apprendi because it allowed for judicial fact finding other than as to a defendant's prior conviction.  California's determinate sentencing law assigned to the trial judge, not to the jury, the authority to find facts that would expose the defendant to a sentence longer than available based on the jury's findings.  See Cal. Penal Code § 1170 (Determinate Sentencing) (2004). California's determinate sentencing scheme directed the sentencing judge to start with a middle term sentence "and move from that term only when the court itself finds and places on the record facts -- whether related to the offense or the offender- beyond the elements of the charged offense."  Cunningham, 127 S.Ct. at 862.  The judge sentenced the defendant, convicted of continuous sexual abuse of a minor, to the upper sentencing term of 16 years based upon his finding, by a preponderance of the evidence, six aggravating circumstances, including the vulnerability of the victim, and defendant's violent conduct which indicated a serious danger to the community.  Cunningham, 127 S.Ct. at 860-61.  The judge's imposition of an increased

sentence was based on facts, other than a prior conviction, not found by a jury.

Hawaii's pre-2006 extended-term sentencing scheme is similar to California's sentencing scheme found unconstitutional in Cunningham. In imposing an extended-term sentence, it requires the sentencing judge to find the extended sentence necessary for protection of the public without the facts underlying the finding being found by a jury. See Kaua III, 436 F.3d at 1061 (the Hawaii courts "never have characterized step two as anything other than the finding and evaluation of facts"). Such a scheme "violates *Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Cunningham, 127 S.Ct. at 868 (citing Apprendi, 530 U.S. at 490)). "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." Cunningham, 127 S.Ct. at 869 (citing Blakely v. Washington, 542 U.S. 296, 305 n. 8 (2004) (sentencing scheme in which judge sentenced defendant above standard range based on judge's finding of the additional fact of deliberate cruelty violated the Sixth Amendment).

Indeed, the United States Supreme Court recently granted certiorari in a Hawaii extended-term sentencing case in which the

court applied Hawaii's pre-2006 sentencing scheme and sentenced the defendant to an extended sentence. Maugaotega v. Hawaii, 127 S.Ct. 1210 (Feb. 20, 2007). The Respondents' arguments in this case track the reasoning of the Hawaii Supreme Court in Maugaotega. The Supreme Court vacated the judgment in Maugaotega and remanded it to the Hawaii Supreme Court for further consideration in light of Cunningham. In light of such clear directives, the State can no longer maintain that enhanced sentences imposed under the state's pre-2006 extended-term sentencing scheme do not violate Apprendi.

**I.   Respondents' Objections**

Respondents object to the F & R on the grounds that Petitioner's sentence does not implicate or violate the rule of Apprendi.

    **A.   *Petitioner's Extended-term Sentence is Contrary to Clearly Established Federal Law as Determined by the United States Supreme Court***

Respondents argue that Petitioner's sentence did not implicate or violate Apprendi. Respondents argue that the magistrate judge erred in applying federal case law to analyze Petitioner's Sixth Amendment Apprendi claim as opposed to Hawaii Supreme Court case law, in particular the Hawaii Supreme Court's decision in State v. Rivera, 102 P.3d 1044 (Haw. 2004). (Resp. Obj. at 14, 19.)

        **1.   Federal district courts are bound by clearly established federal law**

Respondents argue that the Hawaii Supreme Court's decision in Rivera is dispositive and controlling.  The F & R considered Rivera, but in determining that Petitioner's sentence was contrary to clearly established federal law, correctly relied on the Ninth Circuit's decision in Kaua III.  (F & R at 11-16.)

As discussed in the F & R, in Kaua III, the Ninth Circuit Court of Appeals rejected the very argument Respondents raise in this case.  The Kaua III court concluded that Hawaii's pre-2006 extended-term sentencing scheme required a two-step process; the second step of which required the sentencing judge to make findings of fact, other than of prior convictions, in violation of Apprendi.  (F & R at 10-12); Kaua III, 436 F.3d at 1060-61.  In Kaua III, the Ninth Circuit appellate court held that the defendant had the right under the Sixth Amendment as articulated in Apprendi to have a jury make the "necessary for protection of the public" finding.

In Kamana'o v. Peyton, 2006 WL 1775869 (D. Haw. June 21, 2006), the United States District Court of the District of Hawaii discussed, at length, the same argument that Respondents make in this case with respect to Rivera.  Just as the Kamana'o court found, this Court likewise finds Respondents' argument unavailing.  Kamana'o v. Peyton, 2006 WL 1775869 at *4-6.  This Court is bound by the Ninth Circuit Court of Appeal's decision in Kaua III, not by the Hawaii Supreme Court's decision in Rivera.

In Cunningham, the United States Supreme Court also expressly rejected the argument that federal courts should follow state court decisions even where the state court decisions are directly contrary to clearly established federal law.  The State of Hawaii, as *amicus* in Cunningham, argued, as the Respondents do in this case, that state court decisions are entitled to deference.  The United States Supreme Court addressed the import of a California state court decision, People v. Black, 113 P.3d 534, 543-48 (Cal. 2005), in which the California Supreme Court justified the state's sentencing scheme.  In doing so, the United States Supreme Court rejected the argument that federal district courts are bound to follow state court decisions where the state court's interpretation of federal constitutional law is contrary to United States Supreme Court precedent:

> Respondent and its *amici* argue that whatever this Court makes of California's sentencing law, the *Black* court's "construction" of that law as consistent with the Sixth Amendment is authoritative. Brief for Respondent 6, 18, 33; Brief for Hawaii et al. as Amici Curiae 17, 29. We disagree. The *Black* court did not modify California law so as to align it with this Court's Sixth Amendment precedent. See 35 Cal.4th, at 1273, 29 Cal.Rptr.3d 740, 113 P.3d, at 555-556 (Kennard, J., concurring and dissenting). Rather, it construed this Court's decisions in an endeavor to render them consistent with California law. The *Black* court's interpretation of federal constitutional law plainly does not qualify for this Court's deference.

Cunningham, 127 S.Ct. at 871.

### 2. <u>Rivera</u> did not overrule prior Hawaii state court case law applying the two-step process

Contrary to the Respondents' position, it is not at all clear that <u>Rivera</u> is an overruling of prior Hawaii state court case law applying the two-step process. Indeed, <u>Rivera</u>, relying on earlier Hawaii state court cases, reiterated that the sentencing court is required to determine in a second step that the defendant's commitment for an extended-term is necessary for protection of the public. <u>Rivera</u>, 102 P.3d at 1058. There is no language in <u>Rivera</u> which overrules its earlier decisions. Rather "maintaining the viability of the earlier rulings is obviously inconsistent with overruling them." <u>Kamana'o</u>, 2006 WL 1775869 at *6.

Along these lines, the Hawaii Supreme Court's reliance on <u>Rivera</u> in affirming Petitioner's sentence did not constitute an adequate and independent state ground upon which the decision was based. <u>See</u> <u>generally</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991) (court will not review question of federal law decided by state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment).

### 3. The circuit court imposed an extended-term sentence based on findings of fact other than the fact of a prior conviction

Even if the Court here interprets <u>Rivera</u> to mean that an extended-term sentence imposed under Section 706-662 requires

11

only a finding of prior conviction, and not a "necessary for protection of the public" finding, Respondents argument is unpersausive. In Petitioner's case, the state circuit court relied on facts other than Petitioner's prior convictions in imposing an extended-term sentence and expressly found that an extended term of imprisonment was necessary for protection of the public. Regardless of the import of the Rivera decision or other Hawaii state court cases, there is no doubt that the circuit court in this case applied the two-step process to impose Petitioner's extended term sentence. The findings made by the circuit court involve facts beyond Petitioner's prior convictions such that the circuit court applied Hawaii's sentencing scheme to Petitioner in an unconstitutional manner.

**II.  Harmless Error**

Where a court imposes a sentence beyond the statutory maximum, the government has the burden of showing that the error was harmless beyond a reasonable doubt." Stokes v. Schriro, 465 F.3d 397, 404 (9th Cir. 2006) (applying harmless error standard to Apprendi violation)(citing United States v. Banuelos, 322 F.3d 700, 706 and n. 4 (9th Cir. 2003).

In this case, the Respondents do not even argue, much less make a showing, that the Apprendi error in Petitioner's sentence was harmless beyond a reasonable doubt. Respondents have failed to carry their burden.

**CONCLUSION**

The Court **ADOPTS** the Findings and Recommendation to Grant Petition for Writ of Habeas Corpus, dated December 20, 2006, supplementing it as set forth above.  Petitioner's Section 2254 Petition is **GRANTED**.  The State of Hawaii is ordered to resentence Petitioner in a manner consistent with this Order.

The Clerk of Court is **DIRECTED** to enter judgment in Petitioner's favor and to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 16, 2007.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
Joseph Domingo v. James Proptnick, Acting Director, Department of Public Safety, State of Hawaii, et al. et al.; Civ. No. 06-00301 HG-KSC; **ORDER ADOPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION THAT PETITION'S 28 U.S.C. § 2254 PETITION BE GRANTED AND GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION**